RECEIVED

JUL 25 2023

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT

| | |
|---|---|
| JEFFREY M. MIZE, et.al ) | |
|         Plaintiff's ) | |
| ) | CAUSE NO. 4:23-CV-00913 SEP |
| v. ) | |
| ) | COMBINED MOTION |
| STATE OF MISSOURI, ex rel, ) | |
| ST. LOUIS COUNTY CIRCUIT COURT, ) | |
| MISSOURI SECRETARY OF STATE, et.al., ) | |
|         Defendant's ) | |

## MOTION FOR LEAVE TO SHORTEN TIME
## MOTION FOR EMERGENCY EXPEDITED HEARING

**COMES NOW,** Jeffrey M. Mize, Plaintiff, appearing on his own behalf, pursuant to Fed. R. 65 and any other Court Rule or procedure moves this Court for his Combined Motion: Motion for Leave to Shorten Time and his Motion for Emergency Expedited Hearing to be scheduled in a timely manner.

It is hereby requested of this Court to provide leave to shorten time for the purpose of an emergency expedited hearing to be scheduled in this matter for a Temporary Restraining Order issued upon the St. Louis County Circuit Court suspending all civil matters within the Circuit Court.
On 7-19-2023 Plaintiff Motion for Protection Order was Filed along with other moving actions. One of which was a Motion for Hearing.
Due to the crisis taking place in the Missouri Circuit Court of St. Louis County that poses serious loss of a major asset of trust. Causing severe loss to a Trust, the beneficiaries, heirs at law, and intrudes upon Plaintiff legal protectable interests. Without immediate attention applied now. Imminent harm and injury will be encountered. Unjust and without the standards of due process provided by the Missouri Circuit Court. Which requires this instant action to try and speed up the administration of justice to prevent imminent harm.

### ARGUMENT STATEMENT

Plaintiff is a Citizen of the State of Wisconsin. This Civil Action was filed 7-19-2023 because of the constant infringement of procedural due process rights of the Plaintiff to interfere with the administration of justice. The Missouri Circuit Court has played a major role in the reasons this case was necessary to be Filed. The instant action is a genuine attempt to obtain the administration of justice that will provide a path to expose the truth behind the 'scheme" to interfere with interests provided in trust that have been in play since 2014. The instant action is a reasonable legal measure to protect assets of trust that are being

1

encroached on because of the fraudulent activity, negligence, and misconduct of the other named defendants. The Missouri Courts have covered up egregious misconduct by Missouri Licensed Attorneys by their abuse of judicial power, Circuit Judges acting without proper jurisdiction inflicting substantial loss and injury. The Missouri Circuit Court Judges that are involved here are extensive. That list is very long and goes all the way up to the Presiding Judge, Judge Mary Elizabeth Ott.

One does not name the level of defendants in government named in this case, nor will they make the strong allegations against the Missouri State Administrative Agency, Missouri Circuit Court Judges, and Prominent Missouri Lawyers as this case presents if they were not holding the goods (clear and convincing evidence). Those goods will bear fruit. If this Court allows the tree to grow, allowing the goods to be presented. Those goods will establish guilt beyond a reasonable doubt. An uncontroverted material fact.

Plaintiff appeared in person before Judge Richard M. Stewart on 7-12-2023 and 7-14-2023 who is the assigned judge and in complete control of Cause No. 22SL-CC05083 Robert C. Drace v. Robert J. Ambruster, Inc and Cause No. 22SL-CC05373 Deborah L. Drace v. Citizens National Bank. Judge Richard M. Stewart was also the assigned judge in Cause No. 16SL-CC00834. This case is a primary controversial case where jurisdiction issues have been silenced and ignored. Just as the jurisdiction of the Court in Cause No. 22SL-CC05083 (Receivership Case) is being silenced and ignored. The legal records should speak to this Court. The mere assignment of these cases to this Judge raises major red flags.

On 7-13-2023 Judge Stewart dismissed Citizens National Bank and Taylor River Capital, LLC from 22SL-CC05373. Just after the Plaintiff had moved for the Appointment of a Guardian Ad Litem for his kids filed earlier in that day. Judge Stewart attempts to abuse his office as judge and cover up the fraudulent acts of those two defendants named in this case. The evidence will demonstrate the appearance of a mortgage/lender fraud "scheme" to interfere with a trust and fraudulently convert assets of trust.

On 7-14-2023 Plaintiff again appeared in person before Judge Stewart. This time in Cause No. 22SL-CC05083 (Receivership Case). There were pending moving actions in that case that have been on file since 12-7-2022 that are were Noticed for that day. The Notice and the pending Motions was intentionally trying to be concealed from the record that day. By Judge Stewart and Kathlyn McLaughlin. That attempt was disrupted by the Plaintiff. The mere fact that Plaintiff mentioned the Notice of Hearing and Pending Motions on the record. Infuriated Judge Stewart as demonstrated by his tone and context of language by

screaming at the Plaintiff to "shut up". The conduct of Judge Stewart indeed was an intrusion on Plaintiff First Amendment Right to Speak.

Moreover, the fact that Robert J. Ambruster, Inc., an asset allocated from the Jane Ambruster Beard Trust (1980). In that case John J. Charron, Attorney purports to the Attorney for the Corporation and Entered his Appearance. Major moving attack instruments on this representation that were made by John Charron are present on the record in that case. As well as several others. Not one has been allowed to be called and heard. Fact!

Evidence will demonstrate John Charron is not a lawful retained legal representative for Robert J. Ambruster, Inc., and has been silenced and covered up by the Missouri Circuit Court since 2019. Further, on 7-14-2023 John Charron did not even show up. The purported legal voice for the Corporation. Neither did Mark Zvibelman, the appointed receiver. Both are defendants in this case. The reason for their absence was to avoid examination from the witness chair. As a test. Plaintiff put it out there on the internet airways to all counsel of record in that case and the Citizens National Bank case of the intent to call them to the chair. First to exploit that fact John Charron is nothing more than an imposter of law. If exploitation of the lack of standing of John Charron. That would be fatal to the Courts Jurisdiction because a corporation cannot represent themselves. The case was required to be dismissed. The showing of the lack of standing of Charron would have trickled down hill exposing the fact that the Court in this case Judge Dean P. Waldemer, Judge Joseph L. Walsh, III, Judge Richard M. Stewart all have acted outside the scope of jurisdiction in that case. Proving this would have shown the Appointment of Receiver was a flagrant judicial error. Judge Stewart continues to act outside the scope of jurisdiction and his discretion and rightful should be prohibited of this sort of misconduct.

Plaintiff must be provided with the burden of proving this before this Federal Court.

As a result of the events, and the strategic tests as "bait" that Plaintiff has put out there. Which has been put out on several occasions and taken hook, line, and sinker. Setting the stage for this case.'

Judge Stewart has now entered an Order in both cases indicating that all Motion hearings will be conducted by WebEx. It is clear this was done to prevent the Plaintiff from examination of witnesses or excluding any documents to the record. Documentary Evidence cannot be handed to the Court through a computer.

In the days prior to the Filing of this action here with this Court. Communication with the Clerk for Judge Stewart regarding the recent filed Request for in person appearance. That was refused on 7-24-2023. It is evident that the circuit court judge is controlling the record as to what is entered.

The proceedings as stated above, the jurisdictional issues, the John Charron issue, the Appointment of Receiver, and now the Order for Webex. They are trying to avoid something.

In the Receivership case, time is of the essence because of the upcoming Hearing that was established on 7-14-2023 for 8-18-2023. Knowing of the presence of a Motion to Convert to Limited Receiver to be heard on that date and the issues of the last few weeks. Requires the instant action to be Filed and requesting an expedited hearing be set on the Plaintiffs Motion for Protection and Motion for Temporary Restraining Order. Plaintiff has no desire to go into that State Courthouse again without protection from this Court.

**DISCUSSION STATEMENT**

**Judicial Discretion and Constitutional Limits:**

Assuming that a speedy hearing is appropriate under the circumstances of this case, the question of how "speedy" the hearing may be remains. Neither Court Rules, nor authorities define what it means for a hearing to be speedy. Few reported cases suggest two overriding considerations. 1.) The needs of the case and due process define the boundaries of how rapidly a hearing should be scheduled. 2.) The feature of the speedy hearing mechanism is its flexibility. Courts have latitude to tailor the schedule of an action to the needs of the parties and the exigencies of the dispute.

One of the core purposes of this action is to afford a speedy and inexpensive method of adjudicating legal disputes ... and to settle legal rights and remove uncertainty and insecurity from legal matters taking place in the Missouri Circuit Court without awaiting a violation of the rights or a further disturbance of assets of trust. ***Beacon Const. Co., Inc. v. Matco Elec. Co., Inc.,*** 521 F.2d 392, 397 (2d Cir. 1975) (internal quotation marks omitted).

The Federal Declaratory Judgment Act 28 U.S.C. § 2201. Is a mechanism to seek "speedy hearing". Today, the federal rules, along with rules in 32 states and the District of Columbia, expressly permit speedy hearings. There is no provision in the law for expedited procedures. It is the sole discretion of the Court to address the needs of each set of circumstances from the constitutional principles of due process.

As a general matter, due process requires notice and an opportunity to confront adverse witnesses and present one's own arguments and evidence. ***Goldberg v. Kelly,*** 397 U.S. 254, 267–68 (1970).

An expedited speed hearing is likely to resolve a significant issue of this case. Plaintiffs have a particularly strong argument presented and the merits. An expedited speedy hearing is "likely to be dispositive in this matter. All are in favor of expedited treatment. This court should evaluate whether the speedy hearing "will terminate the controversy or at least substantially narrow the issues. ***GEC US 1 LLC***

4

*v. Frontier Renewables, LLC,* No. 16-CV-1276 YGR, 2016 WL 3345456, at *6 (N.D. Cal. 2016) (internal quotation marks omitted).

Given the genuine concerns of the Plaintiff and the issues taking place presently in the Missouri Circuit Court. Require urgent measures taken by the Plaintiff and immediate action from this Federal Court. It is no surprise to the defendants that this instant action was coming. Which is five days after the complaint was filed on 7-19-2023. All named defendants have been properly served Notice & Summons and a copy of the Complaint/Petition incompliance to Fed. Ct. 4. They all are aware the Plaintiff has moved this Court for Emergency Protection. The time has come to expedite the temporary relief. This matter is not so urgent as to justify priority. The urgency is legitimate, very real, and any delay will cause imminent danger and cause substantial loss and injury. The circumstances here are dramatic and require expedited action.

Where these factors are present, judicial discretion here should tilt in favor of a speedy hearing and due process permits the Court to grant the Motion here. This Court has the discretion to hold prompt hearings or trials in all cases, regardless of whether the facts are mostly disputed or undisputed.

Accordingly, because of the lack of case law construing speedy hearing provisions does not deter Plaintiff from seeking expedited relief. Other than Federal Rule 57 provides a method for accelerated litigation that warrants closer attention here be applied. Speedy hearing is a viable option in this kind of case. A case in which the Plaintiff needs an immediate answer from the court, the factual disputes are narrow, well defined, supported by clear evidence and a ruling on a declaratory judgment claim will resolve or substantially narrow the litigation.

In order to accomplish acquiring the TRO as requested due to the urgent matter now presented to this Federal Court that requires immediate action. Plaintiff has Filed a Complaint, properly served 9 defendants, prepared, and filed a Supplemental & Request, and now the instrument here in a matter of 5 days. Plaintiff has supplied the Court with sufficient information to make a reasonable decision.

All named defendants have been served. The last one being done on 7-24-2023. The time for the required Answers will expire on or before 8-14-2023. If this Court is inclined to grant the temporary Relief and issue the TRO and the show cause Order as indicated below. Then surely whom ever decides to engage on behalf of the St, Louis County Circuit Court. Surely, this defendant can prepare and submit a Response to the requested show cause Order in the time (days) before the requested scheduled hearing before this U.S. District Court Judge. The Answer to the complaint and the Response to the show cause Order should provide enough preliminary information to make a reasonable decision whether or not there is good

reasons to make the TRO stand and suspend all litigation in the State Court pending disposition of this Case.

The whole procedure of obtaining the TRO must be accelerated because of the scheduled hearing set for 8-18-2023 @ 9:00 am that poses severe injury. In a case where the State Court does not even have jurisdiction, the evidence will be clear and convincing. Judge Richard M. Stewart must be stopped from abusing his judicial authority to victimize the Plaintiff and his family.

## RELIEF STATEMENT

**Proposed Order:**

This Court should fast track the procedure. Plaintiff requests that a preliminary TRO be issued immediately. Then a show cause Order should be issued directing the St. Louis County Circuit Court to show cause why this Federal Court should not Grant Plaintiff request for Protection and Stay all civil matters pending litigation of this case. The response should be provided No later to the Plaintiff and this Court on or before 8-11-2023. A hearing should be set for 8-14-2023 for Oral arguments. The Court upon receiving the Answers to the Complaint/Petition, the Response to the Show Cause Orders, and conclusion of the Show Cause hearing, hearing Oral Argument and accepting additional information to the record in this case. The Court should allow the scales of justice to tilt in favor of the Plaintiff. The U.S. District Judge should issue its Order on or before 8-17-2023 providing adequate and appropriate temporary relief as requested and required under the extraordinary special circumstances that presents imminent harm and injury. This should be the Order.

Respectfully Submitted,

*Jeffrey M. Mize*
Jeffrey M. Mize, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I, Jeffrey M. Mize, Plaintiff certify, affirm, and attest by my signature below that I served upon all Named parties in said Cause of Action before the Court, a true and correct copy of the foregoing legal instrument as listed below. By either placing it in the U.S. Mail for delivery, with first class postage prepaid, or by E-Mail electronic delivery.

By my signature below, I certify, affirm, and attest that I am the author of the foregoing legal instrument "Motion for Emergency Expedited Hearing" and that all information contained in said legal instrument is true and correct to the best of my knowledge, ability, and belief, and that I believe am entitled to the relief sought.

I, Jeffrey M. Mize, certify by my electronic signature that the legal instrument here was delivered to the U.S. District Court Eastern District Clerk's Office either by hand delivery or by email electronic delivery as indicated on the Courts wedsite. To be filed and recorded in the above stated case.

All done on this 25th day of July 2023.

Respectfully Submitted,
/s/ Jeffrey M. Mize, Interested Party, Pro Se
7635 W. Shore Drive
Egg Harbor, WI. 54209
(920) 868-0299
ambrustergreathall@gmail.com

CC:

Missouri Secretary of State
Frank Jung, Chief Legal Counsel
*Frank.Jung@sos.mo.gov*

St. Louis County Circuit Court
Hope Whitehead, Judicial Administrator
*21Judicial.Administrator@courts.mo.gov*

Citizens National Bank
Steve Hart, Senior Vice President
*STHart@cnbstl.com*

Taylor River Capital, LLC
*dneiers@sandbergphoenix.com*

Michael K. Daming, Attorney
*mdaming@wasingerdaming.com*

David Luce, Attorney
*luce@capessokol.com*

John J. Charron, Attorney
*john.charron@charronlaw.com*

Mark Zvibelman, Attorney/Receiver
*mark.zvibleman@svn.com*

Robert C. Drace
*midcountystl@yahoo.com*

7

RECEIVED
JUL 2 5 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Jeffrey Mize, et. al.,        )
                              ) Case no. 4:23-CV-00913 SEP
v.                            )
St. Louis County Circuit Court etc ) 7-25         , 2023

## MEMORANDUM FOR CLERK

Please take notice of the legal instruments filed with the clerk on 7-25-2023

Due to the urgent matters described in the writings immediate action is required

Please provide to the assigned Judge in this case.

Thank you

/s/ Jeffrey M Mize

Please circle which applies:   (Pro se) ~~(Attorney for)~~ Plaintiff

(Pro se) (Attorney for) Defendant