# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY M. MIZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-00913-SEP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Jeffrey M. Mize's Motions for Temporary Restraining Order, Docs. [6], [11], and Motion to Appoint Counsel, Doc. [3].  For the reasons set forth below, the motions are denied.

### FACTS AND BACKGROUND

Plaintiff filed this action against Defendants St. Louis County Circuit Court, Missouri Secretary of State, Citizens National Bank, Taylor River Capital, LLC, Michael K. Daming, John Charron, David Luce, Mark Zvibelman, and Robert Drace on July 19, 2023.  Docs. [1], [1-1].  On that date, and again on July 26, 2023, Plaintiff filed separate motions for a temporary restraining order (TRO) against Defendant St. Louis County Circuit Court.  Docs. [6], [11].

Plaintiff's Complaint is lengthy and vague, and the Court is unable to determine precisely what his claims are.  Though the facts underlying this matter are unclear—it appears to involve several actions currently pending[1] in the St. Louis County Circuit Court, all related in some way to a family trust in which Plaintiff has an interest—the relief sought is plain enough.  In his requests for a temporary restraining order, Plaintiff asserts that he will be imminently and irreparably harmed if this Court does not order the St. Louis County Circuit Court to immediately suspend activity in all civil matters involving Plaintiff, and he requests that this Court issue such order prior to the next scheduled hearing in state court, which is set for August 18, 2023.  *See* Doc. [11] at 4.  Plaintiff does not explain what sort of harm will befall him if this Court does not act, but he vaguely references a crisis in the St. Louis County Circuit Court, as

---

[1]  Plaintiff references the following state court cases: Cause No. l 8SL-PROI 136 Robert C. Drace v. Deborah L. Drace, et.al. (Probate Case); Cause No. 22SL-CC05083 Robert C. Drace v. Robert J. Ambruster, Inc.; Cause No. 22SL-CC05308 Deborah Drace v. John J. Charron, Attorney; Cause No. 22SL-CC05373 Deborah Drace v. Citizens National Bank, et.al.; Cause No. 23SL-CC00343 Jeffrey M. Mize v. Michael K. Darning, et.al.

well as violations of due process, abuses of power, fraud, and negligence by various state court judges and the attorneys involved in the state actions.

LEGAL STANDARD

When considering whether to issue injunctive relief, the Court evaluates:  (1) the threat of irreparable harm to the movant; (2) the balance of that harm against the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest.  *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981); *see also Brooks v. Roy*, 881 F. Supp. 2d 1034, 1049 n.6 (D. Minn. 2012) (citing *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989)).

DISCUSSION

I.    **Motion for Temporary Restraining Order**

Plaintiff asks the Court to issue a temporary restraining order, in the form of a writ of mandamus, ordering the St. Louis County Circuit Court to immediately suspend activity in all civil matters involving Plaintiff.  *See* Docs. [1-1], [6], [11].  A court may issue a TRO without hearing from the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Plaintiff has not met his burden, as neither the motions for TRO nor the Complaint establishes a clear likelihood of irreparable injury.  Plaintiff baldly asserts that, without this Court's protection, he will be imminently harmed in a substantial manner, but both motions and the Complaint are bereft of *facts* demonstrating such immediate and irreparable injury.[2]  *See* Doc. [6] at 1.  Additionally, Plaintiff makes no argument whatsoever concerning the balance of harms, whether he is likely to prevail on the merits of his claims, or any relevant public interest.  Thus, Plaintiff falls far short of meeting the standard for a TRO with respect to each of the four factors.

Even if the Court were inclined to grant Plaintiff's request for a TRO, and it is not, it

---

[2]  Plaintiff states that "[w]ithout protection, imminent harm, and injury other than what has occurred causing this case to be filed will occur.  Causing substantial injury to the interest of the Plaintiff's, collectively.  A temporary Restraining Order is warranted and should be issued."  Doc. [6] at 1.  As to the imminence of the alleged harm, Plaintiff makes contradictory statements, alleging both that "[t]his matter is not so urgent as to justify priority," and that "[t]he urgency is legitimate, very real, and any delay will cause imminent danger and cause substantial loss and injury."  Doc. [11] at 5.

lacks the authority to do so.[3]  "[W]hen district courts issue writs of mandamus, they may only do so 'in aid of their respective jurisdictions . . . .' "  *Mize v. Robert J. Ambruster, Inc*., 2018 WL 746401, at *3 (E.D. Mo. Feb. 7, 2018) (quoting 28 U.S.C. § 1651(a)).  Federal courts lack the power to issue writs of mandamus compelling a state actor to act.  *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  Accordingly, this Court may not order the St. Louis County Circuit Court to refrain from holding the upcoming hearing or otherwise suspend activity in the cases involving Plaintiff.

## II.    Motion for Appointment of Counsel

Plaintiff also asks the Court to appoint him counsel.  Doc. [3].  In civil cases, a pro se litigant has no constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  Because the Court is not convinced that Plaintiff has stated a non-frivolous claim, the motion for appointment of counsel is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Temporary Restraining Order, Docs. [6] and [11] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to Supplement the

---

[3]  Plaintiff should be aware of this, as this is not the first time he has come before the United States District Court for the Eastern District of Missouri seeking a writ of mandamus enjoining the state court.  In *Jeffrey M. Mize v. Robert J. Ambruster, Inc.,* he sought the same relief, which was denied for the reasons stated herein.  *See* Case No. 4:17-cv-2691-CAS, Docs. [21], [24], [27].

Complaint, Doc. [4], is **GRANTED**.

 Dated this 27th day of July, 2023.

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4