UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY M. MIZE, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:23-cv-00913-SEP |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss by the Circuit Court of St. Louis County. Docs. [19]. Plaintiff responded in opposition, Doc. [22], and the motion is ripe for consideration. For the reasons set forth below, the motion is granted, and this case is dismissed for lack of subject matter jurisdiction.[1]

### FACTS AND BACKGROUND[2]

Pro se Plaintiff Jeffrey M. Mize filed this action against Defendants St. Louis County Circuit Court, Missouri Secretary of State, Citizens National Bank, Taylor River Capital, LLC, Michael K. Daming, John Charron, David Luce, Mark Zvibelman, and Robert Drace on July 19, 2023. Docs. [1], [1-1].

Plaintiff's Complaint is lengthy and vague, and the Court is unable to determine precisely what his claims are. Though the facts underlying this matter are unclear—it appears to involve several actions currently pending in the St. Louis County Circuit Court,[3] all related in some way to a family trust in which Plaintiff has an interest—the relief sought is plain enough. Plaintiff asserts that he will be irreparably harmed if this Court does not order the St. Louis County Circuit Court to cease violating Plaintiff's federal constitutional rights and suspend activity in all

---

[1] Other Defendants have also filed motions to dismiss, but as the Court does not have jurisdiction over this matter, it will not take up those motions. *See* Docs. [25], [30], [33]. They are denied as moot.

[2] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[3] Plaintiff references the following state court cases: Cause No. 18SL-PROI 136 Robert C. Drace v. Deborah L. Drace, et.al. (Probate Case); Cause No. 22SL-CC05083 Robert C. Drace v. Robert J. Ambruster, Inc.; Cause No. 22SL-CC05308 Deborah Drace v. John J. Charron, Attorney; Cause No. 22SL-CC05373 Deborah Drace v. Citizens National Bank, et.al.; Cause No. 23SL-CC00343 Jeffrey M. Mize v. Michael K. Darning, et.al.

1

state civil matters involving Plaintiff. *See* Docs. [1-1] at 26, [11] at 4. Plaintiff does not explain precisely what any of the Defendants has done, nor does he describe what harm may befall him if this Court does not act, but he vaguely references a crisis in the St. Louis County Circuit Court, as well as violations of due process, abuses of power, fraud, and negligence by various state court judges and the attorneys involved in the state actions. *See id*. *passim*. Plaintiff seeks $1,400,00.00 in actual damages and $10,000,000.00 in punitive damages. *See* Doc. [1] at 7.

## LEGAL STANDARD

To justify dismissal under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness" of its assertions. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, the defendant challenges the factual truthfulness of the assertions, and the Court may consider matters outside the pleadings. *Osborn*, 918 F.2d at 729. In a facial challenge, the defendant claims the complaint "fails to allege an element necessary for subject matter jurisdiction," and the Court presumes true "all of the factual allegations concerning jurisdiction." *Titus*, 4 F.3d at 593.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) contests the legal sufficiency of a complaint. When considering such a motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims; the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

## DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, that sovereign immunity bars Plaintiff's claims against it, and that Plaintiff

2

fails to state any claim on which relief can be granted.  Doc. [20] at 3.  The Court agrees that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction and will dismiss the action on that basis; it does not reach Defendant's other arguments supporting dismissal.

The *Rooker–Feldman* doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions.  *See Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (citing *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)).  Such jurisdiction is vested only in the United States Supreme Court.  *Lemonds v. St. Louis County,* 222 F.3d 488, 492 (8th Cir.2000).  The *Rooker–Feldman* doctrine bars both straightforward and indirect attempts by a plaintiff to "undermine state court decisions."  *Id.* at 492; *see also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) ("*Rooker-Feldman* precludes a federal action if the relief requested . . . would effectively reverse, undermine or void a state court ruling.").  Litigants also may not pursue federal claims with allegations that are inextricably intertwined with a state court decision.  *See Feldman,* 460 U.S. at 486–87.  A claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Charchenko*, 47 F.3d at 983.

In the instant matter, though Plaintiff's claims are somewhat difficult to decipher, it is clear that he is largely seeking to rehash arguments previously made in various state court cases, and he is arguing that the state court made legal errors that violated Plaintiff's federal constitutional rights.  For example, Plaintiff states that he is bringing this federal action in order to "correct a judicial wrong" by the state court.  Doc. [1-1] at 25.  He further states that the "Missouri Court has failed to provide equal protection of the law for the protection of real property," and so he asks this Court to review and correct the purportedly illegal actions of the "courts of the State of Missouri."  *Id*.  Plaintiff goes on to state that because of his "[f]ailure to obtain justice in and from the Missouri State Courts, Jeffrey Mize has no other remedy for relief . . . [but for] the instant action to be filed in Federal Court under Title 42 U.S. Code § 1983."  *Id*. at 26.  But where "a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again."  *Prince v. Arkansas Bd. of Examiners in Psychol.*, 380 F.3d 337, 340 (8th Cir. 2004).

Plaintiff's requests for relief run afoul of the *Rooker-Feldman* doctrine, and the Court is precluded from reviewing Plaintiff's claims.  Because the Court lacks jurisdiction to hear

3

Plaintiff's case, the Court will not only grant the motion under review but will dismiss the action in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Circuit Court of St. Louis County's Motion to Dismiss Plaintiff's Complaint, Doc. [19], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that all other outstanding motions in this matter are **DENIED** as moot.

A separate Order of Dismissal will be entered on this same date.

Dated this 17th day of November, 2023.

*/s/ Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4